IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COLLETTE L. KEETON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:14-CV-02330-SCJ-JCF |
| MICHAEL THURMOND, | : | |
| Superintendent of DeKalb County | : | |
| Schools, et al., | : | |
| | : | |
| Defendants | : | |

# ORDER

Plaintiff, who is proceeding *pro se*, seeks to file a complaint (*see* Doc. 1-1) without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of Plaintiff's affidavit in support of her request to proceed *in forma pauperis* (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and Plaintiff shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Rule 8(a)(2) requires that a

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff [is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "'This leniency, however,

does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiffs alleges a number of claims against Defendants Michael Thurmond, Superintendent of DeKalb County Schools, Mark Butler, Commissioner of the Georgia Department of Labor, Heather McElroy of Stone McElroy & Associates, and The Standard Insurance Company, all of which appear to arise from her employment as a teacher with the DeKalb County School District. (*See* Doc. 1-1). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, and also asserts claims for "Workplace Bullying and Harassment, Reprisal, Slander, Defamation, Disparate Treatment, HIPPA, FMLA and Whistle Blowing." (Doc. 1-1 at ¶¶ 1, 12-13). Plaintiff also includes in her Complaint a somewhat rambling narrative setting forth a number of actions she contends were discriminatory and/or retaliatory, essentially constituting a list of grievances about her working conditions for the past several years of her employment. (*See id*. at ¶ 14). Plaintiff did not, however, explain what claims she asserts against each Defendant or provide the factual basis for each claim.

In light of Plaintiff's *pro se* status, the Court will allow her to amend her complaint to clarify her claims. *See Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (unpublished decision) (explaining that where a "more carefully drafted

3

complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismissed the action with prejudice," unless amendment would be futile).

Plaintiff is **DIRECTED** to file, **no later than 21 days from the date of entry of this Order**, an amended complaint in which she states what claims she is bringing, for example, Title VII discrimination, Title VII retaliation, ADA discrimination, ADA failure to accommodate, FLMA, etc.; makes clear against which Defendants she brings each claim; and then states under each claim the specific factual allegations that she contends support that claim as to each Defendant against whom she brings the claim.  Plaintiff is cautioned that generalized references to "Defendants," without identifying to which Defendant she refers, and conclusory allegations of wrongdoing are not sufficient to state a claim.  Instead, Plaintiff must provide specific details concerning each claim, such as the time frame when the challenged action supporting each claim occurred, the identity of the person or persons who took the action, and the factual basis for her belief that the action gives rise to a claim against each Defendant, i.e., violates Title VII, the ADA, the FMLA, etc.

Plaintiff is cautioned that if she does not comply with this Order, the undersigned may recommend to the District Judge that her Complaint be dismissed.

**IT IS SO ORDERED** this 9th day of September, 2014.

                                           /s/  *J. CLAY FULLER*
                                           J. CLAY FULLER
                                           United States Magistrate Judge