IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COLLETTE L. KEETON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:14-CV-02330-SCJ-JCF |
| MICHAEL THURMOND, | : | |
| Superintendent of DeKalb County | : | |
| Schools, et al., | : | |
| | : | |
| Defendants | : | |

## FINAL REPORT AND RECOMMENDATION

This case is before the Court for review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because Plaintiff's Complaint fails to state a claim on which relief can be granted, and she has not complied with the Court's September 9, 2014 Order directing her to file an amended complaint (Doc. 2), it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

## Procedural History

On July 21, 2014, Plaintiff, who is proceeding *pro* se, filed an application to proceed *in forma pauperis* (Doc. 1) and Complaint (Doc. 1-1). By Order entered September 9, 2014 (Doc. 2), the Court granted Plaintiff's application to proceed *in forma pauperis*, but directed Plaintiff to file an amended complaint within 21 days

1

of entry of that Order to correct deficiencies in her Complaint, discussed below. Plaintiff did not file an amended complaint as directed.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to

dismiss." *Iqbal*, 556 U.S. at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff [is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiffs alleges a number of claims against Defendants Michael Thurmond, Superintendent of DeKalb County Schools, Mark Butler, Commissioner of the Georgia Department of Labor, Heather McElroy of Stone McElroy & Associates, and The Standard Insurance Company, all of which appear to arise from her employment as a teacher with the DeKalb County School District.  (*See* Doc. 1-1). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, and also asserts claims for "Workplace Bullying and Harassment, Reprisal, Slander, Defamation, Disparate Treatment, HIPPA, FMLA and Whistle Blowing." (Doc. 1-1 at ¶¶ 1, 12-13).  Plaintiff also includes in

3

her Complaint a meandering narrative setting forth a number of actions she contends were discriminatory and/or retaliatory, essentially constituting a list of grievances about her working conditions for the past several years of her employment. (*See id*. at ¶ 14). Plaintiff did not, however, explain what claims she asserts against each Defendant or provide the factual basis for each claim. Accordingly, the undersigned finds that Plaintiff has failed to state a claim on which relief can be granted, and that her Complaint should be dismissed.

The undersigned acknowledges that where a "more carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismissed the action with prejudice," unless amendment would be futile. *Lee v. Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (unpublished decision). The Court has given Plaintiff that chance (*see* Doc. 2), but Plaintiff did not file an amended complaint as directed. Therefore, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, and pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's September 9, 2014 Order.[1]

---

[1] The undersigned cautioned Plaintiff in the September 9, 2014 Order "that if she does not comply with this Order, the undersigned may recommend to the District Judge that her Complaint be dismissed." (*See* Doc. 2 at 4).

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this 9th day of October, 2014.

                                            /s/ *J. CLAY FULLER*
                                            J. CLAY FULLER
                                            United States Magistrate Judge