IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLLETTE KEETON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL THURMOND,<br>Superintendent of DeKalb<br>County<br>School District, et al.,<br><br>　　　　Defendants. | CIVIL ACTION FILE NO.<br>1:14-cv-2330-SCJ<br><br>JURY TRIAL DEMANDED |

## OBJECTION TO CASE DISMISSAL

**COLLETTE KEETON,** a *Pro Se* litigant files an **OBJECTION TO CASE DISMISSAL,** and requests extension of time to respond and file her **AMENDMENT** appropriately.

　　1) Since, she does not have adequate access to the court, is limited due to indigence and without any online access to PACERS as a *Pro Se* litigant.

　　2) Due to caregiving covered under the Caregiver Act. *Pro Se* is currently a non-paid caretaker for her parents and grandparent who are undergoing chemotherapy, radiation, rehabilitation and physical

-1-

therapy in Mississippi.

3) Personal illness of *Pro Se* that remains extended and exacerbated since she has no medical insurance for doctor care or filling medical prescriptions.

4) Extenuating circumstances of transportation including, repossession attempts, vehicle recall, awaiting approval for Georgia Clean Air Force waiver requests and other related costs associated with personally filing in court or even in mailing the objection and providing the court her first, second and third amendments to *Pro Se's* initial filing due to indigence.

5) Due to job-seeking interviews to secure a job to pay for attorney representation to proceed more effectively in this lawsuit. Keeton must show due diligence in applying for employment even though employers have been given incorrect information and Keeton currently has two terminations, an involuntary resignation for personal illness and caregiving, an unsatisfactory evaluation and professional development plans in her employment file with DeKalb County School District that bars her employment with all agencies to which she has applied.

6) Difficulty in providing correct, true and complete files of support of her claims to the court. Paying for multiple copies of incorrect information further cripples Keeton's finances.

A) Clayton County Schools has not provided information requested in Open Records Request but will comply within the next week.

B) DeKalb County School District has not responded to providing all documents and audios requested through open records. The availability of documents and files is in question. They are not able to locate the documents, audios, transcripts and all true and correct performance evaluations and contracts from 2006 to 2014. The November 29-30, 2011 transcripts with redactions still not made and recent termination hearings transcripts of 2013 are possibly unavailable or cost to provide when they were never provided prior. The exhibits support discrimination and adverse employment practices.

C) Stone, McElroy and Associates contends that they will not release *Pro Se's* information and diagnosis to her and that only DeKalb County has permission to release such files. The information was released to the Social Security Administration so they will be contacted for a history of all claims and determinations.

D) The Georgia Department of Labor has set a judicial review hearing for November 17, 2014 at 9:30 a.m. that Pro Se will attend. The transcript of the appeal is over 50 pages. Yet, it is not fully accurate and does not match the notes that *Pro Se* took during the

hearing that DeKalb County School District did not attend. During the hearing *Pro Se* requested to get a copy of the raw recording to provide to her lawyer at the time to avoid inaccuracy and to safeguard her rights. Neither Keeton nor her former Attorney, Stephen Katz, got the recording as requested on the hearing phone conference call.

On July 3 or July 4, 2014, Keeton provided supporting documents to the Georgia Department of Labor lawyers to investigate FMLA violations by DeKalb County Schools, wrongful termination due to disability and inconsistent reporting of Keeton's work performance, attendance, work status and income to the Georgia Department of Labor. The Georgia Department of Labor may be removed from this lawsuit filing pending the release of the results of the investigation and outcome of the November 17, 2014 hearing.

E) The Equal Employment Opportunity Commission (EEOC) has opened a new investigation against DeKalb County on Keeton's charge of June 20, 2014. However, the letter dated October 7, 2014 states that the investigator has a heavy caseload and will be delayed in responding. Once the investigator is able to respond supporting findings, documents and other relevant exhibits would be more completely provided on slander, defamation, reprisal, retaliation,

disparate treatment and other discriminatory practices from the former employer.

F) The right to sue letter for this lawsuit was attached with the filing that was made timely so please do not dismiss this case. Documents attached with the lawsuit filing included the Right to Sue Letter of April 21, 2014 or so as required and the EEOC accepted stamped Disability Discrimination EEOC Charge Letter of June 2011.

The grievance of April 1, 2008 was also attached to the filing since it had investigations that ended in injury to Keeton's students and Keeton during school years 2007-2008 on up to 2013. All 2008 evaluations rendered in error, the investigation results e-mails from Robin Goolsby, statements from the principal Jo Ann Williams-West and Keeton and the letter from Tekshia Ward-Smith to the Georgia Professional Standards Commission to remove the unsatisfactory evaluation report done by DeKalb County administrators in error were not attached since they should have been attached to Keeton's 2008 evaluation that has the view comments box checked. Open records request from DeKalb County School District's release of Keeton's 2008 evaluations via e-mail attachment to Keeton on July 3, 2014 does not show any comments-attachments and makes reports to others incorrect and damaging. Keeton asked DeKalb County School District for the supporting documents that they did not release to her

by the lawsuit filing deadline and still have not released to her as *Pro Se*, employee or former employee. The PDP or professional development plan box checked on that evaluation further bars Keeton's employ elsewhere as it has to-date. Keeton requests restitution, credit for teaching service for that year and all others adversely affected towards teacher retirement or those that caused decreased pay.

The grievance of October 10, 2010 or so was attached because it led to the tribunal of November 29-30, 2011 that to-date Keeton does not have a copy of to share with the courts even with repeated open records and employee requests for true and complete records. DeKalb County Schools caused severe injury to disabled students taking the Georgia Alternative Assessment of Keeton and to Keeton. During this timeframe Keeton was given a disability she does not have and that meets the federal definition of a disabled person. Unfortunately, Keeton was treated as if she had a disability and was wrongfully diagnosed with a cognitive deficit in communications that was non-specified because she asked that DeKalb County administrators not cheat on a standardized assessment or cause it to be administered inappropriately in violation of her students and her rights. For years, students of Keeton were exposed to a person diagnosed with a mental disability by a licensed psychologist and

they, their parents and Keeton were not notified as required by student and parent right to know notices. The request to protect rights of disabled students, their parents and Keeton caused Keeton's termination of employment and the students to be taught by an out-of-field teacher without proper certification for all students assigned to Keeton. Negative impacts still afflict Keeton and she requests all remedies due as decided by a trial-by-jury and court ruled.

Attached is the FIRST AMENDMENT submitted by *Pro Se* dated October 22, 2014 using documents in her possession. Keeton requests to AMEND the filing further based on the rulings of the above hearings, response from open records requests and other current outcomes. She also requests time to earn enough money to provide hardcopies of all files supporting all allegations or to pay an attorney for representation to provide her access to the court and more economical electronic filing of these documents, motions, and responses timely through PACERS.

Date: October 22, 2014    By: _Collette L. Keeton, Pro Se_
                              Collette L. Keeton, Pro Se