**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

COLLETTE KEETON,                   :
                                   :
    Plaintiff,                     :        Civil Action File No.
                                   :        1:14-CV-2330-SCJ
v.                                 :
                                   :
MICHAEL THURMOND,                  :
SUPERINTENDENT OF DEKALB           :
COUNTY SCHOOL DISTRICT,            :
ET AL.,                            :
                                   :
    Defendants.                    :

## DEFENDANT MARK BULTER'S, COMMISSIONER OF GEORGIA DEPARTMENT OF LABOR, AND THE GEORGIA DEPARTMENT OF LABOR'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS IN LIEU OF ANSWER

COME NOW Mark Butler, Commissioner of the Georgia Department of

Labor ("Butler"), and the Georgia Department of Labor ("GDOL"), by and through

their counsel, the Attorney General of the State of Georgia, and submit this Brief in

Support of their Motion to Dismiss in Lieu of Answer, pursuant to Federal Rule of

Civil Procedure 12(b), by special appearance.[1]

---

[1] Defendants make a "special appearance" before this Court because Plaintiff has not properly perfected service of process upon Defendants.  By filing this response out of an abundance of caution, Defendants do not waive the defense of insufficient service of process.

# I. INTRODUCTION

On July 21, 2014, Plaintiff filed her original Complaint against Defendants Michael Thurmond, Superintendent of DeKalb County Schools, Mark Butler, Georgia Department of Labor, Heather McElroy, Stone McElroy & Associates, and The Standard Insurance Company, alleging violations of Title VII of the Civil Rights Act of 1964 by her former employer, DeKalb County Schools.  This Complaint was never served upon Defendant Mark Butler or GDOL.  Plaintiff now files a First Amended Complaint under the Rehabilitation Act of 1973, the Family Medical Leave Act ("FMLA"), the Americans with Disability Act ("ADA"), the Georgia Whistleblowers Act, and 42 U.S.C. § 1983, alleging violations of her First Amendment and Fourteenth Amendment rights.

Plaintiff alleges in her complaint that "Defendants Georgia Department of Labor (GDOL) handles workforce appeals and FMLA violation complaints." (Complaint, ¶ 7).  GDOL, *inter alia*, does administer unemployment compensation benefit claims and appeals under the Georgia Employment Security Act.  GDOL, however, does not investigate FMLA violations.  Some of Plaintiff's claims appear to be based upon the administrative adjudication of her application for unemployment compensation benefits, which was denied by GDOL and is

currently pending before the Superior Court of DeKalb County.  (*See* Complaint ¶¶ 88-90, 101, 111-112).

## II.  STANDARD OF REVIEW

Plaintiff's claims against Butler and the GDOL must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

"Facial attacks" on subject matter jurisdiction under Rule 12(b)(1) "'require [ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are true for the purposes of the motion.'"  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (brackets in original) (quoting *Menchaca v. Crysler Credit Corp.* 613 F.2d 507, 511 (5th Cir. 1980)).  "Factual attacks" on subject matter jurisdiction under rule 12(b)(1) challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id*.

Under Rule 12(b)(6) a complaint is subject to dismissal if it does not "state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The standard for the Court's consideration of a Rule 12(b)(6) motion to dismiss, therefore, is comprised of two main principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Similarly, unwarranted deductions of fact in a complaint are not admitted as true. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 12(b)(5), a complaint is subject to dismissal for insufficient service of process. FED. R. CIV. P. 12(b)(5). Rule 4(m) requires that process be

perfected within 120 days of the filing of the complaint.  Plaintiff's claims stand to

be dismissed upon the passage of 120 days from the date of filing, which will be on

or about February 20, 2015, because she has not perfected service of process upon

Defendants Mark Butler and GDOL.  Fed. R. Civ. P. 4(m).

### III.  ARGUMENT AND CITATION OF AUTHORITY

### A.    BUTLER AND GDOL HAVE NOT BEEN PROPERLY SERVED.

Plaintiff has attempted to serve Butler and GDOL by certified mail.  This

attempt at service, however, is not proper.

> An individual may be served in a judicial district of the
> United States by:
>
> (1)   following state law for serving a summons in an
>       action brought in courts of general jurisdiction in
>       the state where the district court is located or where
>       service is made;[2] or
>
> (2)   doing any of the following:
>
>       (A)   delivering a copy of the summons and of the
>             complaint to the individually personally;
>
>       (B)   leaving a copy of each at the individual's
>             dwelling or usual place of abode with someone
>             of suitable age  and discretion who resides there;
>             or
>
>       (C)   delivering a copy of each to an agent authorized

---

[2] Georgia law regarding service mimics federal law.  *See* O.C.G.A. § 9-11-4(e)(7).

> by appointment or by law to receive service of
> process.

FED. R. CIV. P. 4(e)

> A state, a municipal corporation, or any other state-created
> government organization that is subject to suit must be served by:
>
> > (A)   delivering a copy of the summons and of the
> > complaint to its chief executive officer; or
> >
> > (B)   serving a copy of each in the manner prescribed
> > by that state's law for serving summons or like
> > process on each defendant.[3]

FED. R. CIV. P. 4(j)

Plaintiff has not perfected service upon Butler or GDOL.  For this reason,

her Complaint stands to be dismissed upon the passage of 120 days from the date

she filed the Complaint.

**B.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
LACK OF JURISIDICTION UNDER THE *ROOKER-FELDMAN*
DOCTRINE.**

"The *Rooker-Feldman* doctrine makes clear that federal district courts

cannot review state court final judgments because that task is reserved for state

appellate courts or, as a last resort, the United States Supreme Court."  *District

Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S. Ct.

1303, 1311-15 (1983).  The *Rooker-Feldman* doctrine "applies in full force to

---

[3] Georgia law regarding service mimics federal law.  *See* O.C.G.A. § 9-11-4(e)(5).

6

'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In essence, Plaintiff's claim before this Court is simply requesting a rehashing of her appeal of an administrative decision regarding unemployment compensation benefits.  Plaintiff has pursued her appeal to the Superior Court of DeKalb County, where it is now pending.[4]  Regardless of the outcome, Plaintiff's attempt to litigate this issue in the Federal Courts is barred by the *Rooker-Feldman* doctrine.

### C.   PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD CLAIMS AGAINST GDOL.

Plaintiff's First Amended Complaint fails to present any viable claims against Butler or GDOL.  In fact, her First Amended Complaint presents no allegations of wrong doing on the part of Defendants Butler and GDOL. Additionally, Butler and GDOL are not Plaintiff's employer as defined by the ADA or the FMLA  The Supreme Court has made clear in its holdings in *Iqbal* and *Twombly* that courts are not to assume bare legal conclusions to be true when

---

[4] Oral arguments took place on November 17, 2014.

considering motions to dismiss.  The Eleventh Circuit Court of Appeals has furthermore made clear that "unwarranted deductions of fact" are also not to be deemed true at this stage.  *Sinaltrainal*, 578 F.3d at 1268 (citing *Aldana*, 416 F.3d at 1248).  Plaintiff's claims against Butler and GDOL, therefore, should be dismissed.

### D.  BUTLER AND GDOL ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.[5]

To the extent that plaintiff's complaint may be construed as a violation of due process, Plaintiff's claim is barred.  When a plaintiff seeks to pursue constitutional claims against state officials whether in state or federal court, he must do so via 42 U.S.C. § 1983.  *Williams v. Bennett*, 689 F2d. 1370, 1390 (11th Cir. 1982).

The Eleventh Amendment to the United States Constitution bars any private claims against a State or one of its agencies in federal court, unless Congress abrogates the immunity conferred by the Eleventh Amendment pursuant to a valid exercise of its power or the State consents to suit.  *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Will v. Michigan Dep't of State Police*, 491 U.S. 58

---

[5] Plaintiff's FMLA claim and ADA claim are also barred by Eleventh Amendment immunity.  *Coleman v. Court of Appeals*, 132 S. Ct. 1327, 1332, 182 L. Ed. 2d 296 (Mar. 20, 2012); *Bd. Of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 360 (2001).

(1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Edelman v. Jordan*, 415 U.S. 651 (1974). "This jurisdictional bar applies regardless of the nature of the relief sought." *Halderman*, 465 U.S. at 100. *See also Seminole Tribe*, 517 U.S. at 58 (holding that "[t]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). As an arm of the State of Georgia, BOR is entitled to the same immunity as is the State itself. *See, e.g., Stephens v. Georgia Dep't of Transp.*, 134 Fed. Appx. 320, 324 (11th Cir. 2005) (holding same regarding Georgia Department of Transportation and citing *Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992)).

Congress has not abrogated the states' Eleventh Amendment immunity for purposes of claims made under the Civil Rights Act of 1871, including 42 U.S.C. § 1983. *Williams v. Board of Regents of the Univ. Sys. of Ga.*, 441 F.3d 1287, 1303 (11th Cir. 2006) (citing *Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004)); *Stephens*, 134 Fed. Appx. at 324 (citing *Robinson*, 966 F.2d at 640); *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979), *cited in Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981). The State of Georgia also has not waived its immunity to § 1983 claims. *Williams*, 441 F.3d at 1303; *Fouche v. Jekyll Island State Park Auth.*, 713 F.2d 1518, 1523 (11th Cir. 1983).

### E.     BUTLER IS ENTITLED TO QUALIFIED IMMUNITY.

"Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-19 (1982)).  "That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." *Id.* (quoting *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994)) (emphasis in original).

The process for analyzing the qualified immunity defense has been set out as follows:

> To be eligible for qualified immunity, the official must first establish that he was performing a "discretionary function" at the time the alleged violation of federal law occurred.  Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity.  In order to demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it.

*Bryant v. Jones*, 464 F.Supp.2d 1273, 1318-19 (N.D. Ga. 2006) (quoting *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004)).

It is clear that Butler was performing a discretionary function when addressing Plaintiff's request for unemployment compensation benefits under Georgia Employment Security Law.  "An official performs a discretionary function when his acts 'but for the constitutional infirmity, would have fallen within his legitimate job description,' and the acts were done 'through means that were within his power to utilize.'" *Id.* at 1319 n.46 (quoting *Holloman v. Harlan*, 370 F.3d 1252, 1266 (11th Cir. 2004)).

The burden then shifts to Plaintiff to establish that Defendants committed a constitutional violation and that the right in question was clearly established at the time.  "A right is clearly established if, in light of preexisting law, the unlawfulness of the official's conduct is apparent." *Id.* at 1319 (quoting *Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005)).  It must be determined then "whether a reasonable official could have believed his or her actions were lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Id.* (quoting *Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1503 (11th Cir. 1990)).

Defendant Butler is entitled to qualified immunity.  First, the facts alleged in Plaintiff's complaint are not sufficient to support a § 1983 claim for a violation of due process.  As a result, Plaintiff has not sufficiently alleged a constitutional violation.  Second, even if the Court were to conclude that the alleged facts are sufficient to state a claim of a violation, no constitutional provision, statute, or court decision gave Defendants fair warning that their alleged actions would be unlawful.

## F.      GDOL IS NOT A PROPER PARTY TO A SECTION 1983 CLAIM.

Plaintiff's section 1983 claim is not actionable because GDOL is not a "person" as defined by 42 U.S.C. § 1983.

Section 1983 provides:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that "a State is not a person within the meaning of § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).  Section 1983 "does not provide a federal

forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.  See also Evans v. Georgia Peace Officer Standards & Training Council*, 2006 U.S. Dist. LEXIS 19415, No. 1:05-CV-2579-RLV (N.D. Ga. March 29, 2006) (noting that Georgia state agency was not "person" under § 1983 and therefore not capable of being sued under that statute).  GDOL, therefore, is not a proper defendant to Plaintiff's § 1983 claim.

## IV.  CONCLUSION

For the reasons explained herein, Defendants Mark Butler and the Georgia Department of Labor respectfully request that Plaintiff's claims against them be dismissed.

Respectfully submitted, this 17th day of November, 2014.

SAMUEL S. OLENS              551540
Attorney General

DENNIS R. DUNN              234098
Deputy Attorney General

*s/ Annette M. Cowart*
ANNETTE M. COWART          191199
Senior Assistant Attorney General

*s/ Kimberly B. Lewis*
KIMBERLY B. LEWIS          451925
Senior Assistant Attorney General

Please direct all communications to:

Kimberly B. Lewis
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-4935
(404) 657-9932 (FAX)
klewis@law.ga.gov

## <u>SIGNATURE CERTIFICATION</u>

I certify that the originally executed document contains the signatures of all

filers indicated herein and therefore represents consent for filing of this document.

s/Kimberly B. Lewis
KIMBERLY B. LEWIS
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-4935
Fax: (404) 657-9932
E-mail: klewis@law.ga.gov

## CERTIFICATE OF COMPLIANCE

I do hereby certify that this brief, typed in Courier New 12 point font, is in compliance with Local Rule 5.1B.

s/Kimberly B. Lewis
KIMBERLY B. LEWIS
Senior Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2014, I mailed by United States Postal Service the foregoing **DEFENDANTS MARK BUTLER AND GEORGIA DEPARTMENT OF LABOR'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS IN LIEU OF AN ANSWER** to the following non-CM/ECF participants:

COLLETTE L. KEETON, PRO SE
404 Chateauquay Drive
Ellenwood, Georgia  30294

MICHAEL THURMOND
Superintendent, DeKalb County Schools
1701 Mountain Industrial Blvd.
Stone Mountain, Georgia  30083

THE STANDARD INSURANCE COMPANY
c/o Tyeasha Harris
1201 Peachtree Street N.E.
Atlanta, Georgia  30361

I hereby certify that on November 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:                    jgardner@friedbonder.com

<u>s/Kimberly B. Lewis</u>
Kimberly B. Lewis
Senior Assistant Attorney General
